IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40861
Summary Calendar
_____


AZIZ AHMAD KHAN,

                                        Plaintiff-Appellant,

versus

MOLLY BROWN, Lieutenant; JAMES BENTLY; CHARLES WATKINS;
DANIEL DAVIS, Jailer; JOE EVANS, Sheriff, Nacogdoches County,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-232
--------------------
May 22, 2001

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

     Aziz Ahmad Khan, *pro se* Texas prisoner # 773359, appeals the
summary judgment granted in favor of defendants Molly Brown,
James Bentley, Charles Watkins, and Nacogdoches County Jail.
Although his complaint also named Daniel Davis and Sheriff Joe
Evans, Khan did not brief his arguments against them on appeal;
those claims are, therefore, abandoned.  See Cinel v. Connick, 15
F.3d 1338, 1345 (5th Cir. 1994).

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

All of Khan's claims involve episodic acts or omissions. Thus, whether he was a pretrial detainee or a convicted prisoner, we analyze his claims under the rubric of "deliberate indifference." See Hare v. City of Corinth, 74 F.3d 633, 639, 647 (5th Cir. 1996) (en banc). Khan argues that Brown and Bentley violated his rights by failing to move him from his cell with Danny Harris, who subsequently beat Khan severely during an altercation. However, although Khan requested to be transferred, his request did not indicate that Harris posed a threat of physical harm. Accordingly, Khan has not demonstrated any issue of fact regarding subjective awareness on the part of Brown or Bentley of a substantial risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (defining "deliberate indifference").

The same is true for Khan's claims that Bentley failed to provide him with immediate medical attention. Khan was bruised and bleeding, and Bentley provided him with first aid care. Khan was taken to a doctor and to the hospital the following day. An x-ray technician failed to detect that Khan had broken bones in his face. There is no competent summary judgment evidence that Bentley's conduct rose to the level of deliberate indifference.

Khan's claims against Watkins also fail. Although the evidence is conflicting as to whether Khan received prescribed pain medication, there is no evidence that any failure was due to the fault of Watkins.

As Khan has failed to demonstrate a constitutional claim against any of the individual jail officials, he cannot sustain a claim against Nacogdoches County. Accordingly, we need not reach

the issue whether Khan asserted claims against the county or only the jail.

For the foregoing reasons, the judgment dismissing Khan's claims is AFFIRMED.